IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIMOTHY C. HUNT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LIFE INSURANCE COMPANY OF ) <br> NORTH AMERICA, ) <br> NORTHSIDE HOSPITAL ) <br> LONG-TERM DISABILITY PLAN, ) <br> and NORTHSIDE HOSPITAL, INC. ) <br> ) <br> Defendants. ) | CIVIL ACTION FILE <br> NO.: _____ |

## COMPLAINT

COMES NOW, Plaintiff TIMOTHY C. HUNT ("Plaintiff"), and files this Complaint against LIFE INSURANCE COMPANY OF NORTH AMERICA ("CIGNA"), the NORTHSIDE HOSPITAL LONG-TERM DISABILITY PLAN (the "Plan"), and NORTHSIDE HOSPITAL, INC. ("Northside") showing the Court as follows:

## JURISDICTION AND VENUE

1.

This is an action for relief under section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA").

1

2.

This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. § 1132.

3.

Venue is proper in this District.

4.

The Plan is an employee benefit plan sponsored and maintained by Northside in Georgia for the benefit of its eligible employees.

5.

At all material times, CIGNA, an insurance company licensed to transact and conduct business in Georgia, was the claims fiduciary under the Plan.

6.

At all material times, CIGNA also insured benefits under the Plan by virtue of a group policy of insurance issued to Northside.  A copy of the group policy is attached as Exhibit A.

7.

Plaintiff, as a full-time employee of Northside, was eligible to participate in the Plan.

8.

In or around June 2019, Plaintiff was diagnosed with osteoarthritis of the right knee and hip, femoral head flattening and subchondral cysts due to severe

degeneration and bone-on-bone severe sclerosis.

9.

By September 2019, Plaintiff's doctor restricted Plaintiff from sitting or standing for long periods and from routine ambulation absent use of a walker or a wheelchair.

10.

Plaintiff's regular occupation as a Medical Technologist II for Northside required him to, among other things, stand and sit for extended periods, walk between lab departments carrying specimens, and walk between the parking lot and his workplace.

11.

Under the Plan, the "Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:

1. unable to perform the material duties of his or her Regular Occupation; and

2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation."

12.

As of September 2019, his doctor's restrictions and limitations rendered Plaintiff unable to perform the material and substantial duties of his regular occupation and, thus, precluded him from earning "80% or more of his or her

Indexed Earnings[.]" This is especially so given that it was impractical for Northside to allow Plaintiff to use a walker or wheelchair while performing his job duties.

13.

Plaintiff filed a claim for benefits under the Plan in September 2019.

14.

By letter dated November 14, 2019, CIGNA denied Plaintiff's claim on the ground that Plaintiff was able to perform his duties in his so-called "light occupation." A copy of CIGNA's denial letter is attached as Exhibit B.

15.

Plaintiff appealed CIGNA's denial of his claim, and provided additional medical records showing that he was "Disabled" as defined by the Plan. By letter dated December 2, 2019, however, CIGNA upheld the denial of Plaintiff's claim. A copy of CIGNA's December 2, 2019 letter is attached as Exhibit C.

16.

By letter dated April 21, 2020, Plaintiff again appealed the denial of his claim to CIGNA. A copy of Plaintiff's letter is attached as Exhibit D.

17.

By letter dated September 8, 2020, CIGNA initially denied Plaintiff's appeal. A copy of CIGNA's letter is attached as Exhibit E.

18.

By letter dated October 8, 2020, CIGNA denied Plaintiff's appeal for the final time. A copy of CIGNA's letter is attached as Exhibit F.

19.

Plaintiff has exhausted his administrative remedies under the Plan and ERISA.

20.

Plaintiff was terminated by Northside on September 25, 2020.

21.

On April 22, 2021, Plaintiff requested via email a copy of the Summary Plan Description for the Plan.

22.

As of the date of filing this Complaint, Plaintiff had received no response to his request.

**COUNT I: CLAIM FOR BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)**
**(against Defendants CIGNA and the Plan)**

23.

Plaintiff incorporates in Count I his allegations in paragraphs 1 through 22 above.

24.

At the time he filed his claim for benefits, Plaintiff was "Disabled" as defined by the Plan.

25.

Consequently, Plaintiff was and remains entitled to benefits under the Plan.

26.

CIGNA's denial of benefits to Plaintiff was *de novo* wrong.

27.

CIGNA's denial of benefits also was arbitrary and capricious because CIGNA:

a. "Cherry picked" the information considered ignoring the medical opinions of Plaintiff's treating and attending physicians that Plaintiff was unable to work;

b. Failed to consider and properly evaluate the medicines taken by Plaintiff and the effects thereof;

c. Failed to take into account the credible statements provided by Plaintiff that reveal continued disability;

d. Relied on hearsay reports of physicians and other persons who did not examine Plaintiff;

e. Misquoted and misinterpreted medical evidence provided by Plaintiff's treating and attending physicians; and

f. Failed to provide Plaintiff with a full and fair review of his claim as

required by 29 U.S.C. § 1133 and the regulations codified at 29 C.F.R. § 2560.503-1.

28.

CIGNA's denial was tainted by its conflict of interest in administering claims while funding benefits under the Plan.

29.

By refusing to pay him benefits, Defendants have violated the terms of the Plan and ERISA.

30.

Plaintiff is entitled to a declaratory relief and benefits under 29 U.S.C. § 1132(a)(1)(B), and attorney fees under 29 U.S.C. § 1132(g).

### COUNT II: INTERFERENCE WITH PLAN BENEFITS UNDER 29 U.S.C. § 1140 (against Defendant Northside)

31.

Plaintiff incorporates in Count II his allegations in paragraphs 1 through 22 above.

32.

ERISA § 510, 29 U.S.C. § 1140 provides that it shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which she is entitled under the provisions of an employee benefit plan, or for the purpose of interfering with the

attainment of any right to which such participant may become entitled under the plan or ERISA.

33.

Defendant Northside interfered with Plaintiff's protected rights under § 510, 29 U.S.C. § 1140 by terminating him following his disability claim and causing him to lose access to his health benefits.

34.

Plaintiff's termination by Defendant Northside was an adverse employment action.

35.

Plaintiff was prevented by virtue of his termination from obtaining benefits that he was legally entitled to.

36.

In terminating Plaintiff, Defendant Northside discriminated against Plaintiff for attempting to use the benefits to which he was legally entitled.

37.

Plaintiff's action in attempting to obtain the benefits to which he was legally entitled was a motivating factor in Defendant Northside decision to terminate Plaintiff.

38.

The benefits Plaintiff sought to obtain, but that were denied to him by Defendant Northside, include but are not limited to the out-of-pocket premiums, co-pays, deductibles, and other expenses related to medical insurance coverage and benefits that Plaintiff may have been entitled to during and after his disability claim.

39.

Because of Defendant Northside's discrimination against Plaintiff, Plaintiff lost access to medical and dental insurance, and Plaintiff was unable to get the medical and dental treatment that he required.

### COUNT III: CLAIM FOR RELIEF UNDER 29 U.S.C. § 1132(c)(1)(B)
### (against Defendants Northside and CIGNA)

40.

Plaintiff incorporates in Count III his allegations in paragraphs 1 through 22 above.

41.

Defendants failed to respond after Plaintiff requested a copy of the Summary Plan Description for the Plan on April 22, 2021.

42.

Defendants, as Plan Administrators, breached their statutory duties to Plaintiff by failing to furnish him a copy of the summary plan description ("SPD")

and/or all modifications or changes at the times and intervals required under 29 U.S.C. § 1024(b)(4).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

(a) A declaration that Plaintiff has been continuously disabled under the Plan from September 8, 2019 through the present;

(b) An award of benefits from the date of Plaintiff's disability through the date of judgment including interest;

(c) A judgment that Defendant Northside has violated 29 U.S.C. § 1140 and a surcharge award against Defendant Northside;

(d) A judgment that Defendants Northside and Cigna have violated 29 U.S.C. § 1132(c)(1)(B) and an award of $110 per day from April 22, 2021 to the date of judgment, for failure to furnish an SPD to Plaintiff within 30 days of his request;

(e) An award of reasonable attorney fees under 29 U.S.C. 1132(g)(1); and

(f) An award of all other such relief as is deemed just and proper.

Respectfully submitted this 25th day of May, 2021.

/s/ *Paul J. Sharman*
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC

11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiff

11