Erin
*Cigna*
PO Box 29221
Phoenix, AZ 85038-9221



Phone 888.842.4462 ext.8635200
Fax 866.472.3221

www.mycigna.com

TIMOTHY C HUNT
3122 CORRAL TRAIL
GAINESVILLE, GA 30506

November 14, 2019

| | |
|---|---|
| **Name:** | Timothy C Hunt |
| **Incident Number:** | 11312520-02 |
| **Policy Number:** | FLK-0980122 |
| **Policy Name:** | Northside Hospital, Inc. |
| **Underwriting Company:** | Life Insurance Co of North America |

Dear Mr. Hunt:

This letter is about your Long Term Disability (LTD) claim. We have separated this letter into subject headings for your ease of reference.

**Will You Receive/Continue to Receive Disability Benefits?**

After completing our review of your claim, we are unable to approve your claim for benefits.

**What Provisions of the Disability Policy Apply to the Decision on Your Claim?**

According to your Employer's policy
*"Definition of Disability/Disabled*

*The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*
*1. unable to perform the material duties of his or her Regular Occupation; and*
*2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*

*After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*
*1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and*
*2. unable to earn 60% or more of his or her Indexed Earnings.*

*The Insurance Company will require proof of earnings and continued Disability."*



All Cigna products and services are provided exclusively by or through operating subsidiaries of Cigna Corporation, including Life Insurance Company of North America and Cigna Life Insurance Company of New York (New York, NY). The Cigna name, logo, and other Cigna marks are owned by Cigna Intellectual Property, Inc.

November 14, 2019
Page 2

Your policy also states:

***"Disability Benefits***
*The Insurance Company will pay Disability Benefits if an Employee becomes Disabled while covered under this Policy. The Employee must satisfy the Elimination Period, be under the Appropriate Care of a Physician, and meet all the other terms and conditions of the Policy. He or she must provide the Insurance Company, at his or her own expense, satisfactory proof of Disability before benefits will be paid. The Disability Benefit is shown in the Schedule of Benefits.*
*The Insurance Company will require continued proof of the Employee's Disability for benefits to continue."*

### What Information Was Reviewed?

We recently completed a review of the information on file. When reviewing your claim for disability benefits, all information on file was considered. This included, but was not limited to the following:

- Medical records from Dr. Kenneth Kress, Dr. John Henry, Dr. Malcolm Traxler

### Who Reviewed Your Claim?

- Claim Manager
- Senior Claim Manager
- Nurse Case Manager
- Medical Director who specializes in Orthopedic Surgery
- Rehabilitation Specialist

### How Was the Claim Decision Reached?

You reported that your last day worked was June 9, 2019, and that you were unable to return to work due to your disability on June 10, 2019. You indicated that you were unable to return to work as a Medical Technologist II due to the fact that you suffered from right hip and knee arthritis. A Medical Technologist II is considered a light occupation. A light occupation is defined as:

*Exerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for sedentary work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing or/pulling of arm or leg controls; and/or (3) when the job requires working at a production rate of pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible. Note: The constant stress and strain of maintaining a production rate pace, especially in an industrial setting, can be and is physically demanding of a worker even though the amount of force exerted is negligible.*

\*As described in the Dictionary of Occupational Titles, Fourth Edition, revised 1991, U.S. Department of Labor Employment and Training Administration.

November 14, 2019
Page 3

On June 20, 2019, you had an appointment with Dr. John Henry for right hip discomfort. You reported having right hip pain for the last year and a half and some degree of left hip pain. You did not need assistance with your gait and station. Your right hip was non tender palpation. The motion was abnormal, strength and stability was normal. The X-ray of the right knee showed significant medial joint space narrowing and peripheral ossified formation. There were acute fracture identified. X-rays of both hips showed end stage severe arthritis of both hips with complete loss of joint space bilaterally. Your weight was prohibiting you from joint replacement surgery. It was recommended that you use a walker.

On July 3, 2019, you had an appointment with Dr. Kenneth Kress for right knee and hip pain. It was recommended that you follow up with them once you have achieved the goal weight. You were to continue with conservative treatment at this time. You had a steroid injection to the right knee and it was tolerate well.

Your file was referred to our Nurse Case Manager, who reviewed the medical records and made outreaches to your treating providers in order to clarify the medically supported restrictions and limitations. On November 5, 2019, an outreach was made to Joshua Shea, who is the Physician Assistant at Dr. Kress' office. It was indicated that there were no restrictions and you were last seen in July of 2019. They indicated that there were no upcoming office visits scheduled. Your file was then reviewed with the assistance of our Medical Director, who specializes in Orthopedic Surgery. The medical records from Dr. Trailer's office documented adequate right hip flexion and right knee flexion for unrestricted activity. Based on the medical records, our review determined that you are functionally limited and there would be some medically supported restrictions and limitations. You would be able to perform the following:

Occasional: lift and carry up to 50 pounds, push and pull up to 100 pounds, climb ladders, squat, and crawl.

Frequent: stand and walk, lift and carry up to 20 pounds, push and pull up to 50 pounds, climb stairs, balance, stoop, crouch, and kneel.

No restrictions: sit, reach to any level, use of either hand in any manner, lift up to 10 pounds, push and pull up to 20 pounds, and use of foot controls.

Your claim was referred to our Rehabilitation Specialist, who reviewed the medically supported restrictions and limitations and compared it to the duties of your own occupation. Based on the information we have on file, you would be able to perform the duties of your occupation as a Medical Technologist II, which is a light occupation. Since you would be able to perform the duties of your own occupation, you would not meet the requirement of your LTD policy.

At this time your claim has been closed and no benefits are payable.

**What If You Don't Agree With The Claim Decision?**

If you disagree with our determination and wish to have it reviewed, please follow the steps described below.

Based on the information provided by your Employer, your claim is governed by the Employee Retirement Income Security Act of 1974, Public Law 93-406 (ERISA). ERISA requires that you go through the

November 14, 2019
Page 4

Company's administrative appeal review process prior to pursuing any legal action challenging our claim determination.

Here's how to submit your administrative appeal review request:

- Submit your appeal letter to us within 180 days of your receipt of this letter.
- Your appeal letter should be sent to:

Life Insurance Co of North America
PO Box 29040
Phoenix, AZ 85038-9040
Fax number: 1.877.811.1546

- Your appeal letter may include written comments as well as any new information you may have.
- You may also submit additional information. Additional information may include, but is not limited to: medical records from your doctor and/or hospital, test result reports, therapy notes, etc. These medical records should cover the period of June 10, 2019 to present.
- You may also wish to have your doctor(s) provide some or all of the following:

- Copies of other diagnostic test results which document the severity of your condition to the extent that you are unable to perform the duties of your occupation, Please include the copies recent test results performed (in the last 6 months.)
- Functional Capacity Evaluation
- Copies of treatment notes, office notes, and physical therapy notes and or consultation reports.
- A discussion by your treating physician(s) of the medical evidence pointing to a condition that prevents you from performing all the material duties of your own occupation. What are the current data sources used to make this determination?
- A discussion by you treating physicians (s) describing your current and future treatment goals (clinical and measurable)? What are the treatment strategies for each goal? How does the treatment plan address your return to work?

You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal.

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under the terms and conditions of the policy, whether or not specifically mentioned herein.

Please be aware that you are entitled to receive, upon request and free of charge, information relevant to your claim for benefits.

We may have consulted one or more sections of our Disability Claim Policies and Procedures during the administration of your claim.

Please refer to Disability Claim Policies and Procedures located within Related Links on the Claims page of mycigna.com.

Please contact our office at 888.842.4462 should you have any questions.

November 14, 2019
Page 5

Sincerely,

*Erin*

Erin
Group Claims Analyst