*Medha*
*Cigna*
PO Box 29221
Phoenix, AZ 85038-9221

Phone 888.842.4462 ext.8634821
Fax 866.472.3221

www.mycigna.com

茶 Cigna

TIMOTHY C HUNT
3122 CORRAL TRAIL
GAINESVILLE, GA 30506

September 08, 2020

| | |
|---|---|
| **Name:** | Timothy C Hunt |
| **Incident Number:** | 11312520-02 |
| **Policy Number:** | FLK-0980122 |
| **Policy Name:** | Northside Hospital, Inc. |
| **Underwriting Company:** | Life Insurance Co of North America |

Dear Timothy Hunt:

We are writing to update you of the status of your appeal request for the above referenced Long Term Disability (LTD) claim.

After completing our review of your appeal, we have concluded that an adverse benefit decision on your claim is warranted. We have reviewed your complete file in its entirety, including all comments, documents, records and other information received during the appeal, without deference to the decision you appealed. The purpose of this letter is to allow you an opportunity to respond to new evidence and/or new rationales we considered, relied on, or generated in reaching our appeal decision, before we issue our determination.

Any new or additional evidence we considered, relied upon or generated during the appeal is listed below and enclosed as applicable:

-- Medical Records Northside Hospital
-- ADA Form
-- Disability Questionnaire
-- Physical Ability Assessment Form from Dr. Malcolm Traxler November 15, 2019
-- Medical Records Peachtree Orthopaedic Clinic
-- Job Description for Medical Technologist II
-- X-ray Right Hip
-- X-ray Right Knee
-- Medical Records Joshua Shea PA
-- Medical Records Northeast Gainesville Medical Center
-- Medical Records Hall County EMS



All Cigna products and services are provided exclusively by or through operating subsidiaries of Cigna Corporation, including Life Insurance Company of North America and Cigna Life Insurance Company of New York (New York, NY). The Cigna name, logo, and other Cigna marks are owned by Cigna Intellectual Property, Inc.

September 08, 2020
Page 2

-- Peer Review, by a Board Certified Orthopaedic Surgeon
-- Occupational Analysis
-- Dictionary of Occupational Titles (DOT) Review

Based upon our review, set forth below is a summary of the bases and rationales supporting our conclusion that an adverse benefit determination is warranted.

## What Provisions of the Disability Policy Apply to the Decision on Your Claim?

According to your Employer's policy.

*Definition of Disability/Disabled*
*"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*
   1. *unable to perform the material duties of his or her Regular Occupation; and*
   2. *unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*

*After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*
   1. *unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and*
   2. *unable to earn 60% or more of his or her Indexed Earnings.*

*The Insurance Company will require proof of earnings and continued Disability."*

*Disability Benefits*
*"The Insurance Company will pay Disability Benefits if an Employee becomes Disabled while covered under this Policy. The Employee must satisfy the Elimination Period, be under the Appropriate Care of a Physician, and meet all the other terms and conditions of the Policy. He or she must provide the Insurance Company, at his or her own expense, satisfactory proof of Disability before benefits will be paid. The Disability Benefit is shown in the Schedule of Benefits.*

*The Insurance Company will require continued proof of the Employee's Disability for benefits to continue."*

*Elimination Period*
*"The Elimination Period is the period of time an Employee must be continuously Disabled before Disability Benefits are payable. The Elimination Period is shown in the Schedule of Benefits.*

*A period of Disability is not continuous if separate periods of Disability result from unrelated causes."*

*The Elimination Period under the Northside Hospital Long Term Disability Policy is 90 days of continuous Disability.*

Our records show that at the time you ceased working on June 08, 2019 you were employed with Northside Hospital as a Medical Technologist II. Your occupation required Light demand activities according to the Dictionary of Occupational Titles.

Light- Exerting up to 20 pounds of force occasionally, or up to 10 pounds of force frequently, or a negligible amount of force constantly to move objects. Physical demand requirements are in excess of those

September 08, 2020
Page 3

for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree: or (2) when it requires sitting most of the time but entails pushing or pulling of arm or leg controls: or (3) when the job requires working at a production rate pace entailing the constant pushing or pulling of material even though the weight of those material is negligible. NOTE: The constant stress and strain of maintaining a production rate pace, especially in an industrial setting, can be and is physically demanding of a worker even through the amount of force exerted is negligible.

According to information on file, you stopped working on June 08, 2019 due to osteoarthritis of the hips and knees on the right side. Based on the above definitions, the Elimination Period would have been met as of September 05, 2019 with Long Term Disability benefits beginning on September 06, 2019 provided that you continuously met the definition of Disability throughout the Elimination Period.

**What Information Was Reviewed?**

Your complete file, including any additional information you submitted, was reviewed in its entirety without deference to the prior adverse benefit decision.

**Who Reviewed Your Appeal?**

-- Senior Appeals Specialist
-- Appeals Specialist
-- Peer Reviewer, Board Certified in Orthopaedic Surgery
-- Vocational Rehabilitation Counselor

**How was the Appeal Decision Reached?**

To evaluate your functionality, we referred your file for a peer review by a board certified Orthopaedic Surgeon, Dr. Donald Getz. Dr. Getz reviewed all of the medical documentation contained in your claim file.

After review of the entirety of the medical documentation contained in the file, our assessment is that restrictions and limitations precluding you from performing your Regular Occupation from June 08, 2019 through September 05, 2019 and from September 06, 2019 and continuing are not supported by the medical evidence in file.

Dr. Getz opined that you would be functionally limited from June 10, 2019 through September 05, 2019 and from September 06, 2019 and continuing. Dr. Getz noted that you were seen in the emergency room on June 10, 2019. Dr. Getz noted that x-rays of the right hip revealed severe osteoarthritic changes of the right femoroacetabular joint with near complete joint space loss, severe eburnation/subchondral cysts, and mild deformity and collapse of the right femoral head. Dr. Getz also noted that you had severe left femoral acetabular joint space loss with milder osteoarthritic changes and no femoral head deformity. Dr. Getz noted that x-rays of the right knee revealed mild to moderate tricompartmental osteoarthritic changes.

Dr. Getz opined that as of June 10, 2019 you would have functional limitations relating to your right knee and right hip since imaging studies showed advanced osteoarthritis of your right hip and right hip joints. This was further confirmed by physical examination which revealed limp and limited range of motion on physical examination of the right hip and knee. Dr. Getz noted that you are morbidly obese, which would have an effect on your functional limitations. Dr. Getz opined that you would be able to stand and walk for one hour continuously alternating with a period of sitting for 15 minutes for a combined total of four

September 08, 2020
Page 4

hours in an eight hour workday. Dr. Getz opined that sitting is unrestricted. Dr. Getz opined that the use of your upper extremities, including fingering, handling, feeling, simple and firm grasping are without restrictions. Dr. Getz opined that reaching is without restriction at all levels. Dr. Getz opined that you are restricted to occasional bending, crawling, and stooping. Dr. Getz opined that you are restricted to no squatting, kneeling, or ladder climbing. Dr. Getz opined that you are restricted to stair climbing of one up-and-down cycles per day. You are restricted to lifting up to 25 pounds on an occasional basis and 10 pounds on a frequent basis. Dr. Getz opined that you are restricted to carrying 10 pounds occasionally and 5 pound frequently. Dr. Getz opined that pushing and pulling are limited to 15 pounds occasionally and five pounds frequently. Dr. Getz opined there are no restrictions in using lower extremities for foot controls. Dr. Getz opined that you are capable of working full-time, eight hours per day with the above restrictions.

Dr. Getz opined that he disagreed with Dr. Henry that you use a walker and a wheelchair. Dr. Getz opined that this severe restriction is not necessary and is counterproductive with your attempt to lose weight.

After receipt of the peer review from Dr. Getz, we received records from EMS dated June 11, 2020 and hospital records from North East Gainesville Medical Center from June 11, 2020 through June 13, 2020. This was forwarded to Dr. Getz for review. Dr. Getz noted that you reported that when you stood up and went to sit back down your chair slipped from underneath you causing you to fall on your right side. You reported you were unable to sit back up, therefore, you called EMS. Dr. Getz noted that the hospital discharge summary reported that you were ambulating with a walker. Dr. Getz noted that a CT of the pelvis revealed significant arthritic changes in both hips with significant joint space narrowing sclerosis, articular surface subchondral spurring, and cyst formation seen bilaterally. CT of the lumbar spine revealed no acute abnormalities. Dr. Getz noted that your labs were consistent with a urinary tract infection. Therefore you were admitted. Dr. Getz noted that you were discharged on June 13, 2020. Dr. Getz noted that you were to follow up with your primary care physician for further monitoring of your kidney function. Dr. Getz opined that you would have had no work capacity from June 11, 2020 through June 13, 2020 as you were hospitalized. Please note however, this hospitalization was several months after the Elimination Period had ended and it has not been established that you continuously met the Definition of Disability throughout the Elimination Period.

Your file was then referred to our Vocational Rehabilitation Counselor to determine whether the restrictions outlined by Dr. Getz were compatible with your Regular Occupation. Our Vocational Rehabilitation Counselor stated that according to the Dictionary of Occupational Titles (DOT) and other resources, your occupation is performed at the Light physical demand level (PDL), which can involve exertion of up to 20 pounds of force on an occasional basis for the manipulation of objects. Our Vocational Rehabilitation Counselor stated that your occupation requires frequent reaching, handling/grasping, and fingering. Your occupation does not require kneeling, crouching, climbing, balancing, crawling, or use of lower extremities for foot controls. Our Vocational Rehabilitation Counselor stated that your occupation would involve frequent sitting, with occasional walking and standing, and would allow for positional changes. Our Vocational Rehabilitation Counselor stated that there is no evidence to support that Medical Technologist occupations are performed at a heavier physical demand level in the national economy.

Our Vocational Rehabilitation Counselor opined that aside from the period from June 11, 2020 through June 13, 2020, the above restrictions would allow you to perform the duties of your Regular Occupation.

**Summary**

September 08, 2020
Page 5

Mr. Hunt, the policy provides that Life Insurance Company of North America would pay benefits only if you met the policy's requirements, including the definition of Disability. Disability is determined by medically supported limitations and restrictions which would preclude you from performing the duties of your Regular Occupation as a Medical Technologist from your last day worked through the end of the Elimination Period. We do not dispute you may have been somewhat limited or restricted due to your subsequent diagnoses and treatment; however, an explanation of your functionality and how your functional capacity continuously prevented you from performing the material duties of your Regular Occupation from June 08, 2019 through September 05, 2019 and from September 06, 2019 and continuing was not clinically supported. The presence of a condition, diagnosis or treatment does not necessarily equate to a presence of a disabling condition or decreased level of functionality.

If you would like to provide a response to the explanation provided in this letter, please send any information you would like to send in response to the address or fax number in this letter no later than by September 21, 2020 ("Response Date"). If you do not wish to respond or you wish to discuss an extension of time beyond the Response Date, contact us immediately at 800.352.0611 ext. 4821.

If you do not respond or otherwise contact us by the Response Date, we will proceed with issuing our decision.

Please note your response to this letter is considered information necessary to decide the claim. Accordingly, from the date of this letter through the date you respond to us or the (original or extended) Response Date, whichever is earlier, the time periods for making our decision are "tolled." Tolling means that the number of days that the toll is in effect is not counted toward the number of days we are allowed to decide your appeal. To "respond" means you either provide us information or documents that you want us to consider after reviewing the new information or rationale(s) described above, or you notify us that you will not be submitting any additional information or documents.

Please contact our office at 888.842.4462 should you have any questions.

Sincerely,

*Medha*

Medha
Appeal Specialist

Enclosure(s)