Medha
Cigna
PO Box 29221
Phoenix, AZ 85038-9221

Phone 888.842.4462 ext.8634821
Fax 866.472.3221

www.mycigna.com

TIMOTHY C HUNT
3122 CORRAL TRAIL
GAINESVILLE, GA 30506

October 08, 2020

| | |
|---|---|
| Name: | Timothy C Hunt |
| Incident Number: | 11312520-02 |
| Policy Number: | FLK-0980122 |
| Policy Name: | Northside Hospital, Inc. |
| Underwriting Company: | Life Insurance Co of North America |

Dear Timothy Hunt:

This letter is about your appeal for your Long Term Disability (LTD) benefits under the above mentioned policy. We have separated this letter into subject headings for your ease of reference.

### What is the Outcome of the Appeal Review?

After completing our review of your claim, we must affirm our previous decision dated November 14, 2019 to deny your claim.

### What Provisions of the Disability Policy/Plan Apply to the Decision on Your Claim?

According to your Employer's policy/plan.

*Definition of Disability/Disabled*
"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
1. unable to perform the material duties of his or her Regular Occupation; and
2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

*After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*
1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
2. unable to earn 60% or more of his or her Indexed Earnings.



All Cigna products and services are provided exclusively by or through operating subsidiaries of Cigna Corporation, including Life Insurance Company of North America and Cigna Life Insurance Company of New York (New York, NY). The Cigna name, logo, and other Cigna marks are owned by Cigna Intellectual Property, Inc.

October 08, 2020
Page 2

*The Insurance Company will require proof of earnings and continued Disability."*

*Disability Benefits*
*"The Insurance Company will pay Disability Benefits if an Employee becomes Disabled while covered under this Policy. The Employee must satisfy the Elimination Period, be under the Appropriate Care of a Physician, and meet all the other terms and conditions of the Policy. He or she must provide the Insurance Company, at his or her own expense, satisfactory proof of Disability before benefits will be paid. The Disability Benefit is shown in the Schedule of Benefits.*

*The Insurance Company will require continued proof of the Employee's Disability for benefits to continue."*

*Elimination Period*
*"The Elimination Period is the period of time an Employee must be continuously Disabled before Disability Benefits are payable. The Elimination Period is shown in the Schedule of Benefits.*

*A period of Disability is not continuous if separate periods of Disability result from unrelated causes."*

*The Elimination Period under the Northside Hospital Long Term Disability Policy is 90 days of continuous Disability.*

Our records show that at the time you ceased working on June 08, 2019 you were employed with Northside Hospital as a Medical Technologist II. Your occupation required Light demand activities according to the Dictionary of Occupational Titles.

Light- Exerting up to 20 pounds of force occasionally, or up to 10 pounds of force frequently, or a negligible amount of force constantly to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree: or (2) when it requires sitting most of the time but entails pushing or pulling of arm or leg controls: or (3) when the job requires working at a production rate pace entailing the constant pushing or pulling of material even though the weight of those material is negligible. NOTE: The constant stress and strain of maintaining a production rate pace, especially in an industrial setting, can be and is physically demanding of a worker even through the amount of force exerted is negligible.

According to information on file, you stopped working on June 08, 2019 due to osteoarthritis of the hips and knees on the right side. Based on the above definitions, the Elimination Period would have been met as of September 05, 2019 with Long Term Disability benefits beginning on September 06, 2019 provided that you continuously met the definition of Disability throughout the Elimination Period.

**What Information Was Reviewed?**

Your complete file, including any additional information you submitted, was reviewed in its entirety without deference to the prior adverse benefit decision.

**Who Reviewed Your Appeal?**

-- Senior Appeals Specialist
-- Appeals Specialist
-- Peer Reviewer, Board Certified in Orthopaedic Surgery

October 08, 2020
Page 3

-- Vocational Rehabilitation Counselor

### How was the Appeal Decision Reached?

On September 08, 2020, we provided you an opportunity to review and respond to any new evidence and/or rationale for our proposed adverse decision, and advised that you had to submit any response by September 21, 2020, or contact us by that date to request additional time to respond. Per our conversation and our letter of September 17, 2020, we granted you an extension to October 08, 2020 to submit a response. As of the date of this letter, we have not received any response from you or a request for additional time. Therefore, this letter is our final, written appeal decision.

To evaluate your functionality, we referred your file for a peer review by a board certified Orthopaedic Surgeon, Dr. Donald Getz. Dr. Getz reviewed all of the medical documentation contained in your claim file.

After review of the entirety of the medical documentation contained in the file, our assessment is that restrictions and limitations precluding you from performing your Regular Occupation from June 08, 2019 through September 05, 2019 and from September 06, 2019 and continuing are not supported by the medical evidence in file.

Dr. Getz opined that you would be functionally limited from June 10, 2019 through September 05, 2019 and from September 06, 2019 and continuing. Dr. Getz noted that you were seen in the emergency room on June 10, 2019. Dr. Getz noted that x-rays of the right hip revealed severe osteoarthritic changes of the right femoroacetabular joint with near complete joint space loss, severe eburnation/subchondral cysts, and mild deformity and collapse of the right femoral head. Dr. Getz also noted that you had severe left femoral acetabular joint space loss with milder osteoarthritic changes and no femoral head deformity. Dr. Getz noted that x-rays of the right knee revealed mild to moderate tricompartmental osteoarthritic changes.

Dr. Getz opined that as of June 10, 2019 you would have functional limitations relating to your right knee and right hip since imaging studies showed advanced osteoarthritis of your right hip and right hip joints. This was further confirmed by physical examination which revealed limp and limited range of motion on physical examination of the right hip and knee. Dr. Getz noted that you are morbidly obese, which would have an effect on your functional limitations. Dr. Getz opined that you would be able to stand and walk for one hour continuously alternating with a period of sitting for 15 minutes for a combined total of four hours in an eight hour workday. Dr. Getz opined that sitting is unrestricted. Dr. Getz opined that the use of your upper extremities, including fingering, handling, feeling, simple and firm grasping are without restrictions. Dr. Getz opined that reaching is without restriction at all levels. Dr. Getz opined that you are restricted to occasional bending, crawling, and stooping. Dr. Getz opined that you are restricted to no squatting, kneeling, or ladder climbing. Dr. Getz opined that you are restricted to stair climbing of one up-and-down cycles per day. You are restricted to lifting up to 25 pounds on an occasional basis and 10 pounds on a frequent basis. Dr. Getz opined that you are restricted to carrying 10 pounds occasionally and 5 pound frequently. Dr. Getz opined that pushing and pulling are limited to 15 pounds occasionally and five pounds frequently. Dr. Getz opined there are no restrictions in using lower extremities for foot controls. Dr. Getz opined that you are capable of working full-time, eight hours per day with the above restrictions.

Dr. Getz opined that he disagreed with Dr. Henry that you use a walker and a wheelchair. Dr. Getz opined that this severe restriction is not necessary and is counterproductive with your attempt to lose weight.

After receipt of the peer review from Dr. Getz, we received records from EMS dated June 11, 2020 and hospital records from North East Gainesville Medical Center from June 11, 2020 through June 13, 2020.

This was forwarded to Dr. Getz for review. Dr. Getz noted that you reported that when you stood up and went to sit back down your chair slipped from underneath you causing you to fall on your right side. You reported you were unable to sit back up, therefore, you called EMS. Dr. Getz noted that the hospital discharge summary reported that you were ambulating with a walker. Dr. Getz noted that a CT of the pelvis revealed significant arthritic changes in both hips with significant joint space narrowing sclerosis, articular surface subchondral spurring, and cyst formation seen bilaterally. CT of the lumbar spine revealed no acute abnormalities. Dr. Getz noted that your labs were consistent with a urinary tract infection. Therefore you were admitted. Dr. Getz noted that you were discharged on June 13, 2020. Dr. Getz noted that you were to follow up with your primary care physician for further monitoring of your kidney function. Dr. Getz opined that you would have had no work capacity from June 11, 2020 through June 13, 2020 as you were hospitalized. Please note however, this hospitalization was several months after the Elimination Period had ended and it has not been established that you continuously met the Definition of Disability throughout the Elimination Period.

Your file was then referred to our Vocational Rehabilitation Counselor to determine whether the restrictions outlined by Dr. Getz were compatible with your Regular Occupation. Our Vocational Rehabilitation Counselor stated that according to the Dictionary of Occupational Titles (DOT) and other resources, your occupation is performed at the Light physical demand level (PDL), which can involve exertion of up to 20 pounds of force on an occasional basis for the manipulation of objects. Our Vocational Rehabilitation Counselor stated that your occupation requires frequent reaching, handling/grasping, and fingering. Your occupation does not require kneeling, crouching, climbing, balancing, crawling, or use of lower extremities for foot controls. Our Vocational Rehabilitation Counselor stated that your occupation would involve frequent sitting, with occasional walking and standing, and would allow for positional changes. Our Vocational Rehabilitation Counselor stated that there is no evidence to support that Medical Technologist occupations are performed at a heavier physical demand level in the national economy.

Our Vocational Rehabilitation Counselor opined that aside from the period from June 11, 2020 through June 13, 2020, the above restrictions would allow you to perform the duties of your Regular Occupation.

**Summary**

Mr. Hunt, the policy provides that Life Insurance Company of North America would pay benefits only if you met the policy's requirements, including the definition of Disability. Disability is determined by medically supported limitations and restrictions which would preclude you from performing the duties of your Regular Occupation as a Medical Technologist from your last day worked through the end of the Elimination Period. We do not dispute you may have been somewhat limited or restricted due to your subsequent diagnoses and treatment; however, an explanation of your functionality and how your functional capacity continuously prevented you from performing the material duties of your Regular Occupation from June 08, 2019 through September 05, 2019 and from September 06, 2019 and continuing was not clinically supported. The presence of a condition, diagnosis or treatment does not necessarily equate to a presence of a disabling condition or decreased level of functionality. As such, we are affirming our previous decision of November 14, 2019 within the meaning and terms of your group Long Term Disability policy.

At this time your claim remains closed and no benefits are payable.

**What if You Do Not Agree with the Appeal Decision?**

At this point in time you have exhausted all administrative levels of appeal and no further appeals will be considered.

Please note that you have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal. You and your plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local United States Department of Labor Office or your State Insurance Regulatory Agency. Please be aware that you are entitled to receive, upon request and free of charge, information relevant to your claim for benefits.

**Please be advised that the Policy under which you are insured states the following:**

Legal Actions
No action at law or in equity may be brought to recover benefits under the Policy less than 60 days after written proof of loss, or proof by any other electronic/telephonic means authorized by the Insurance Company, has been furnished as required by the Policy. No such action shall be brought more than 3 years after the time satisfactory proof of loss is required to be furnished.

**Please be advised that the Policy under which you are insured states the following:**

Time Limitations
If any time limit stated in the Policy for giving notice of claim or proof of loss, or for bringing any action at law or in equity, is less than that permitted by the law of the state in which the Employee lives when the Policy is issued, then the time limit provided in the Policy is extended to agree with the minimum permitted by the law of that state.

At the present time, we have determined that the date for bringing legal action pursuant to the language of the Policy expires on October 08, 2026. Please note that the deadline for bringing legal action may be different than the language of the Policy. You should consult your own legal counsel regarding your rights, and when they might expire.

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specifically mentioned herein.

Please be aware that you are entitled to receive, upon request and free of charge, information relevant to your claim for benefits.

We may have consulted one or more sections of our Disability Claim Policies and Procedures during the administration of your claim.

Please refer to Disability Claim Policies and Procedures located at: https://www.cigna.com/disability-claim-policies-and-procedures.

Please contact our office at 888.842.4462 should you have any questions.

October 08, 2020
Page 6

Sincerely,

*Medha*

Medha
Appeal Specialist

Enclosure(s)